UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

---

CR ENGLAND, INC., a UTAH corporation,
also doing business in Michigan as
TRANS-MAN LOGISTICS and ENGLAND
LOGISTICS SCE

      Plaintiff,

-vs-

HAWTHORN MANUFACTURING
CORPORATION, an Ohio Corporation,
PITTSBURGH LOGISTICS SYSTMENS,
INC., a Pennsylvania corporation d/b/a
PLS FREIGHT SOLUTIONS
      Defendants.

Case No.

HON.

_____/

## COMPLAINT

Plaintiff, CR England, Inc., ("England"), by and through its attorneys Guinan Hayes Bisonet, states the following in support of its complaint:

### Parties

1.    Plaintiff is a Utah corporation with a principal place of business in Salt Lake City, Utah.

2.    Plaintiff does business in Michigan under the names Trans-Man Logistics ("Trans-Man") and England Logistics SCE ("England Logistics").

3.    Plaintiff maintains offices in Michigan, with offices related to the instant cause of action being located in Taylor, Michigan.

4. Defendant Hawthorn Manufacturing Corporation ("Hawthorn") is an Ohio corporation with a principal place of business in Independence, Ohio.

5. Hawthorn does extensive business in Michigan.

6. Defendant Pittsburgh Logistics Systems, Inc. ("PLS") is a Pennsylvania corporation with offices located in Rochester, Pennsylvania.

7. Defendant PLS is a property broker, operating under authority number MC247621.

8. Defendant PLS does extensive and continuous business in Michigan, and has appointed an agent to accept service in Michigan on its behalf.

## Jurisdiction and Venue

9. The Court has jurisdiction under 28 USC § 1332 because the parties are diverse (Utah, Ohio, and Pennsylvania) and the amount in controversy exceeds $75,000.

10. The Court has jurisdiction over the Declaratory Judgment petition pursuant to 28 USC § 2201.

11. The contract between Plaintiff and Defendant Hawthorn specifies that Michigan state and federal courts have exclusive jurisdiction over any disputes arising under the contract.

12. The contract between Plaintiff and Defendant Hawthorn states that Michigan law will apply to the contract.

13. Venue in this district is proper under 28 USC § 1391 because it is the district in which a substantial part of the actions or omissions giving rise to Plaintiff's claims occurred. The contracts between the parties at issue in this case were entered into in the state of Michigan, and the performance of those contracts took place largely in Michigan.

## Factual Allegations

14. Plaintiff provides transportation management services in Michigan formerly as Trans-Man Logistics and currently England Logistics SCE.

15. Hawthorn is a manufacturer of various automotive parts and products, with several subsidiary companies providing parts or materials for the same.

16. Hawthorn contracted with Plaintiff to perform various transportation management services, ("TMS Agreement") including freight bill auditing, processing, and freight payment forwarding services for Hawthorn. A copy of the TMS Agreement is attached as **Exhibit A**.

17. The performance of the contract was to take place in the state of Michigan.

18. The contract was entered into in the state of Michigan.

19. Defendant PLS provided freight brokerage services to Hawthorn when Hawthorn's freight management needs required those services.

20. Invoices for the carriage of Hawthorn's freight, whether from a motor carrier or a freight broker, were processed, audited, and paid on behalf of Hawthorn by Plaintiff pursuant to the TMS Agreement. (**Exhibit A**).

21. Carriers and brokers submitted invoices to Hawthorn, care of Plaintiff.

22. Plaintiff would audit the freight bills, submit them to Hawthorn for approval, and then forward payment to carriers and brokers upon receipt of such payment from Hawthorn.

23. At all times relevant to this action, Plaintiff acted solely in the capacity as an agent for Hawthorn Manufacturing.

24. In its dealings with Defendant PLS, Plaintiff held itself out as the agent of Hawthorn Manufacturing.

25. The TMS Agreement lists multiple Hawthorn manufacturing subsidiaries whose manufacturing plants and associated freight costs and invoices were to be managed by Trans-Man under the agreement.

26. Hawthorn has failed to pay a substantial amount of carrier and broker invoices relating to the Red Rock Facility, including those of Defendant PLS.

27. Hawthorn has failed to pay a substantial amount of carrier and broker invoices relating to the Columbus Components Group ("CCG") facility, including those of Defendant PLS.

28. Defendant PLS claims it has provided $84,276.35.00 worth of freight brokerage and/or carrier services on Hawthorn's account to the Red Rock and CCG facilities.

29. Defendant PLS has made repeated demands to Plaintiff alleging that Plaintiff is somehow liable for the brokerage/carrier fees owed by Hawthorn, for freight moves made on Hawthorn's account and for Hawthorn's benefit.

30. Pursuant to an agreement between Plaintiff and Hawthorn, Hawthorn is obligated to indemnify Plaintiff for any and all costs incurred that result from Hawthorn's failure to pay freight bill invoices or fulfill any other legal obligation.  (**Exhibit B**)

## COUNT I

## BREACH OF CONTRACT- INDEMNIFICATINON

31. Plaintiff incorporates all preceding paragraphs by reference.

32. Pursuant to the Agreement attached as **Exhibit B**, Hawthorn is required to indemnify Plaintiff for all costs incurred, including attorney fees, as a result of Hawthorn's failure to pay its freight bill invoices or fulfill any other legal obligation.

33. Defendant Hawthorn has failed to pay freight bill invoices owed to Defendant PLS.

34. Defendant Hawthorn has failed to pay freight bill invoices owed to other motor carriers who provided transportation services to Defendant Hawthorn.

35. Plaintiff has incurred attorney fees and other costs as a result of Defendant's breach of its contractual obligations to Defendant PLS.

36. Plaintiff has incurred attorney fees and other costs as a result of Defendant's breach of its contractual obligations to other motor carriers who provided transportation services to Defendant Hawthorn.

37. Defendant Hawthorn is obligated to indemnify Plaintiff for those costs and any future costs which arise from, or relate to, Hawthorn's failure to pay its transportation service providers.

38. Plaintiff has demanded that Defendant Hawthorn indemnify Plaintiff and Defendant Hawthorn has failed to do so.

39. Defendant Hawthorn's failure to indemnify Plaintiff constitutes a breach of the Agreement between Hawthorn and Plaintiff.

40. Pursuant to the same Agreement, Plaintiff is entitled to recover attorney fees incurred in enforcing any right under the Agreement.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment against Defendant Hawthorn and in favor of Plaintiff for all costs incurred, including attorney fees, which are attributable to Hawthorn's failure to pay its transportation service providers, including Defendant PLS, in an exact amount to be determined at the time of judgment.

## COUNT II

## DECLARATORY JUDGMENT

41. Plaintiff incorporates all preceding paragraphs by reference.

42. Acting as the agent of Hawthorn, Plaintiff arranged with Defendant PLS for the movement of Hawthorn's freight.

43. Defendant PLS, acting as a freight broker, arranged with various motor carriers for the transportation of Defendant Hawthorn's freight.

44. In all such arrangements, Plaintiff explicitly stated it was acting "As Agent for Hawthorn Manufacturing."  (**Exhibit C**).

45. In all such arrangements, Plaintiff directed Defendant PLS to submit freight bills to "Hawthorn Manufacturing Company c/o England Logistics."  (**Exhibit C**)

46. Defendant Hawthorn Manufacturing has failed to pay the freight bills submitted by Defendant PLS.

47. Defendant PLS has repeatedly asserted that Plaintiff, and not Defendant Hawthorn, is liable for payment of Hawthorn's accounts.

48. Plaintiff, acting as agent for a disclosed principal, Hawthorn, incurred no personal liability on contracts entered into by Hawthorn and PLS.

49. Plaintiff never contracted with Defendant PLS in Plaintiff's name on Plaintiff's account for the delivery of freight belonging to Defendant Hawthorn.

50. Plaintiff never contracted with Defendant PLS to act as a guarantor or surety of Defendant Hawthorn's obligations to Defendant PLS.

51. Pursuant to Plaintiff's contract with Defendant Hawthorn, Plaintiff is only responsible for the payment of Hawthorn's transportation service providers upon receipt of such payment from Hawthorn.

52. Plaintiff thus acted solely as a conduit with regard to payment by Hawthorn for services provided by its transportation service providers such as Defendant PLS.

53. Plaintiff's sole responsibility to PLS, under both contract and statute, is to transmit funds, when received, from Hawthorn to PLS.

54. Plaintiff has not received funds from Hawthorn for the payment of the freight bills for which Defendant PLS is demanding payment from Plaintiff.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment declaring that:

1) That Plaintiff was acting solely in the capacity as an agent for Defendant Hawthorn in its interactions with Defendant Hawthorn's transportation service providers;

2) That no contract exists between Plaintiff and Defendant PLS respecting the movement of Defendant Hawthorn's freight;

3) That Defendant PLS provided the services at issue in this matter to Defendant Hawthorn on Defendant Hawthorn's account and for Defendant Hawthorn's benefit;

4) That Plaintiff has received no funds from Hawthorn for the payment of the freight bills for which PLS demands payment from Plaintiff; and

5) That Plaintiff is not liable to Defendant PLS for $84,276.35.00 or any other amount allegedly owed PLS relating to the movement of Defendant Hawthorn's freight by PLS.

                      Respectfully submitted,

July 4, 2009                               ____/s/__Tyler N. Hayes_____

                                       GUINAN HAYES BISONET PLLC
                                       Attorneys for Plaintiff
                                       219 North Seventh Street, Suite 2
                                       Grand Haven, MI 49417
                                       (616) 847-1234  (Telephone)
                                       (616) 847-1223   (Facsimile)
                                       tyler@thirdcoastlaw.com
                                       (P70848)